**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000539
16-MAY-2014
08:38 AM**

NO. CAAP-14-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDWARD K. NAKAULA, JR., Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 12-1-0083; FC-CR. NO. 94-0011; S.P.P. 12-1-0005)

ORDER GRANTING APRIL 11, 2014 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Respondent-Appellee State of
Hawaii's (Appellee State) April 11, 2014 motion to dismiss
appellate court case number CAAP-14-0000539 for lack of appellate
jurisdiction, (2) the lack of any memorandum by Petitioner-
Appellant Edward K. Nakaula, Jr. (Appellant Nakaula) in response
to Appellee State's April 11, 2014 motion to dismiss, and (3) the
record, it appears that we lack appellate jurisdiction over
Appellant Nakaula's appeal from the Honorable Randal G.B.
Valenciano's January 28, 2014 findings of fact, conclusions of
law, and order denying Appellant Nakaula's petition for post-
conviction relief pursuant to Rule 40 of the Hawai'i Rules of
Penal Procedure (HRPP), because Appellant Nakaula's appeal is not

timely under Rule 4(b)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Pursuant to HRS § 641-11 (Supp. 2013) and "HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (internal quotation marks and brackets omitted). Therefore, the circuit court's January 28, 2014 findings of fact, conclusions of law, and order denying Appellant Nakaula's HRPP Rule 40 petition for post-conviction relief is an appealable order pursuant to HRS § 641-11 (Supp. 2013) and HRPP Rule 40(h) under the holding in Grattafiori.

With respect to the timeliness of Appellant Nakaula's appeal, however, "pursuant to HRAP Rule 4(b), an appeal from an order denying post-conviction relief must either be filed within thirty days after the entry of the order denying the HRPP Rule 40 petition or, in the alternative, after the announcement but before the entry of the order." Grattafiori, 79 Hawai'i at 13, 897 P.2d at 940. Furthermore, the Supreme Court of Hawai'i has held that, under analogous circumstances in a civil case, when a pro se prisoner attempts to assert an appeal, the "notice of appeal is deemed filed for purposes of Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). In the instant case, HRAP Rule 4(b)(1) provides the controlling time period rather than HRAP Rule 4(a)(1).

-2-

Appellant Nakaula appears to have signed and tendered his notice of appeal to prison officials for mailing on March 6, 2014, which was more than thirty days after entry of the January 28, 2014 findings of fact, conclusions of law, and order denying Appellant Nakaula's HRPP Rule 40 petition for post-conviction relief, in violation of the thirty-day time limit under HRAP Rule 4(b)(1) and the holdings in Setala v. J.C. Penney Company and Grattafiori. Therefore, Appellant Nakaula's appeal is untimely.

"In criminal cases, [the Supreme Court of Hawaiʻi] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawaiʻi 404, 407, 967 P.2d 236, 239 (1998). Specifically, the Supreme Court of Hawaiʻi has permitted untimely appeals under two sets of circumstances:

> (1) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the fist instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori, 79 Hawaiʻi at 13-14, 897 P.2d at 940-41 (citations omitted). These two exceptions do not apply to the instant case because (1) this case is not Appellant Nakaula's direct appeal from a criminal conviction in the first instance, nor is any attorney representing Appellant Nakaula in this post-conviction proceeding, and (2) the record on appeal shows that on January 29, 2014, Appellee State mailed a copy of the January 28, 2014 findings of fact, conclusions of law, and order denying Appellant Nakaula's HRPP Rule 40 petition for post-conviction relief to Appellant Nakaula's mailing address. Therefore, Appellant Nakaula does not qualify for the exceptions to the requirement that notices of appeal be timely filed.

"As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." Grattafiori, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction over this appeal.

Accordingly, IT IS HEREBY ORDERED that Appellee State's April 11, 2014 motion to dismiss appellate court case number CAAP-14-0000539 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-14-0000539 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 16, 2014.


Presiding Judge


Associate Judge


Associate Judge